STATE OF NORTH DAKOTA, Respondent, v. VALLEY CITY SPECIAL SCHOOL DISTRICT, a Public Corporation, Appellant.

(173 N. W. 750.)

**Schools and school districts — § 142, Session Laws 1915, construed.**

1. Section 142 of the Session Laws of 1915 provides that all students attending any model high school, graded or elementary school, which is operated and maintained or in any manner connected with the State University, any normal school, publicly maintained educational institution of higher learning, in which model high, graded, or elementary school, members of the faculty or of student body of such university, normal school, or institution of higher learning, teach, there shall be paid by the school district in which said pupils reside to said institution as tuition for such attendance certain amounts named in the law; *held* that such law is not unconstitutional.

---

NOTE.—Authorities discussing the question of use of common school funds for normal schools or teacher's training schools, are collated in a note in 20 L.R.A. (N.S.) 1033.

STATE v. VALLEY CITY SPECIAL SCHOOL DIST. 465

**Schools and school districts — normal school part of free-school system.**

  2. It is further *held* that the normal school is part of the free public school system of North Dakota and is defined as such in § 148 of our Constitution.

**Pleading — sufficiency of complaint.**

  3. *Held* that the complaint in the action stated a good cause of action, and was not demurrable.

Opinion filed July 1, 1919.

Appeal from an order overruling demurrer to complaint entered by District Court, Barnes County, North Dakota, Honorable *J. A. Coffey,* Judge.

Affirmed.

*A. P. Paulson* and *Theodore S. Lindland,* for appellant.

Inasmuch as a normal school is not a part of a public or common-school system, it is therefore beyond the power of the legislature to appropriate any part of the common-school fund for the establishment or maintenance of such a school. Collins v. Henderson, 11 Bush, 74; Gordon v. Cornes, 47 N. Y. 608; State Female Normal School v. Auditors, 79 Va. 233; School Dist. v. Bryan, 51 Wash. 498, 20 L.R.A. (N.S.) 1033, 99 Pac. 28; Dickenson v. Edmondson (Ark.) Ann. Cas. 1917C, 913–926.

*Wm. Langer,* Attorney General, *H. A. Bronson* and *Edw. B. Cox,* Assistant Attorneys General, for the respondent.

If the classification is not wholly unreasonable and arbitrary so that the statute is uniform in operation on all members of the class to which it is made applicable, no one has been denied the equal protection of the laws as guaranteed by the state Constitution. 6 R. C. L. 380; Consumers League v. Colorado, etc. R. Co. 52 Colo. 54, 125 Pac. 577, Ann. Cas. 1914A, 1158.

The classification will be upheld unless it is so manifestly inequitable and unjust that it will cause an imposition of burdens on one class to the exclusion of another without reasonable distinction. State v. McFarland, 60 Wash. 98, 140 Am. St. Rep. 909, 110 Pac. 792.

Before a court can interfere with the legislative judgment, it must be able to say that there is no fair reason for the law that would not require with equal force its extension to others whom it leaves untouched. When the classification in the law is called in question if

42 N. D.—30.

any state of facts reasonable can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 6 R. C. L. 384, 385, 386, and cases cited; Re McKennan (S. D.) Ann. Cas. 1913D, 750.

The following are recent cases decided by the supreme court of North Dakota, involving the question of classification: Strauss v. State, 36 N. D. 594, L.R.A.1917E, 909, 162 N. W. 908; Moody v. Hagen, 36 N. D. 471, affirmed in 245 U. S. 633, 62 L. ed. 522, 38 Sup. Ct. Rep. 133.

GRACE, J. This is an action brought by the state of North Dakota against what is termed the Valley City Special School District, to recover $2,794, with interest and the cost of this action.

The facts upon which the cause of action is based, as shown by the complaint, are as follows:

There is located at Valley City a state normal school, known as the Valley City Normal School; in connection therewith and as a part thereof is operated a model high, graded, and elementary school, wherein instruction is given to the pupils who attend by the faculty and student body of the State Normal School. The State Normal School is located in the special school district of Valley City. The pupils who attend the model school reside in the Valley City Special School District. Chapter 142 of the Session Laws of 1915 reads thus: "That all students attending any model high, graded or elementary school which is operated, maintained or in any manner connected with the State University, any normal school, publicly maintained educational institution of higher learning in this state in which model, high, graded or elementary school members of the faculty or student body of such university, normal school or institution of higher learning teach, there shall be paid by the school district in which said pupils reside to said institution as tuition for such attendance as follows: Not less than $2.50 per month of actual membership per pupil in such model high school and not less than $2 per month of actual membership per pupil in any such graded, or elementary school, provided, however, that such tuition is payable at the close of each term or semester."

It is by the terms of the above law that the state seeks to recover the amount mentioned in the complaint for the attendance of the

number of pupils for the time stated as set forth in the complaint. To this complaint a demurrer was interposed. It sets forth three grounds of demurrer, *viz.*, that there is a defect of party plaintiff, that there is a defect of party defendant, that the complaint in the three several causes of action therein set forth does not state facts sufficient to constitute a cause of action in any or all of them. The trial court made an order overruling the demurrer; this appeal is from that order.

We are of the opinion the demurrer was properly overruled. The appellant claims that the normal schools of the state are not part of the public school system. In this it is mistaken. Section 148 of the Constitution reads thus: "The legislative assembly shall provide, at its first session after the adoption of this Constitution, for a uniform system for free public schools throughout the state, beginning with the primary and extending through all grades up to and including the normal and collegiate course."

That the Normal School is part of the free public school system there is not the least doubt. It is denominated as such in § 148 of the Constitution. The normal school system exists for the very purpose of aiding the free public school system, and is a part of it. It undertakes to perfect the education of teachers in the particular science of teaching in the public schools. All the benefits that may arise from the instruction given in the Normal School accrue to the public schools. The normal schools being a part of the free public school system, the charging of the tuition for pupils which attend it from any school district either from the grades or the high school department to the district in which such pupils reside, is in no manner a diversion of any school funds for any other purpose or use than for the benefit of the public schools. On the other hand, it is an application of such funds directly to the use and benefit of part of such free public school to it, the Normal School. Such law is, therefore, not unconstitutional as being opposed to the provisions of §§ 154 and 152 of the Constitution, nor is the law opposed to any constitutional provision.

It is true Valley City Special School District has complied with the law with reference to maintaining its public schools both as to the grades and the high school. It has provided all the facilities for education to the same extent as the Model High School, which is located

in the same district. It may be conceded that the educational facilities provided by the special school district of Valley City and the Model High School, which is a part of the Normal School, are equivalent. It is certain from the allegations of the complaint that a large number of the pupils in the Valley City Special School District attend the Model High School. The necessary effect of this is to assist the Valley City Special School District in providing educational facilities as required by law for the children therein, and the logical result is and must be to in part relieve the Valley City Special School District from the burden and expense necessary to maintain its schools. It has probably been relieved from the necessity or will be relieved from the necessity of constructing additional public school buildings and furnishing additional equipment and teachers by reason of the location of the Model High School within the district, which will necessarily always be engaged in giving instruction in the grades and in its high school department to a very large number of pupils who reside in the Valley City Special School District, and this must necessarily result in relieving such school district of a considerable expense.

Certainly it was within the power of the legislature to impose on such district a reasonable charge for the instruction and educational facilities afforded such pupils by the Normal School through its Model High School. If the defendant has any remedy, it is one which cannot be procured from the courts, but it is one for the consideration of the legislature. It is certain the law is not unconstitutional. There is no doubt that the normal schools are instituted primarily for the purpose of perfecting the education of teachers who are to be instructors in the common schools; that part of the instruction given in the normal schools is theoretical and part practical. The theoretical instruction is provided by lectures or the study of certain works and books upon the science of pedagogy. Another part of the instruction is by actual demonstration of the work with a class of pupils of a given grade or of a given year of high school work. All of this, however, is for the benefit of the free public school system, and is a part of it. That the Normal School must have pupils by which to demonstrate the practical part of the work does not overcome the fact that the Valley City Special School District receives a special benefit there-

by, and is to a certain extent relieved from additional expense thereby, and for this the legislature has a right to say it shall pay.

We are satisfied that the complaint states a good cause of action. The order of the District Court overruling the demurrer is affirmed. We do not think the plaintiff is entitled to any statutory costs. The order appealed from is affirmed.

ROBINSON, J. (dissenting). This is an action to recover from the defendant $2,794 for the tuition of Valley City children at the Valley City Normal School. Defendant appeals from an order overruling a demurrer to the complaint. The complaint avers that the State Normal School at Valley City maintains a model high, grade, and elementary school, in which students of the State Normal School teach; that during the fall term of said school, commencing in 1915, the succeeding winter term and spring term, there were in attendance at said model high, grade, and elementary school a large specified number of students from Valley City Special School District, whose tuition at $2.50 a month amounted to $2,794, which is wholly unpaid.

The suit is brought under chap. 142, Laws 1915, entitled: "An Act Requiring the Payment of Tuition for Attendance at Any Model High or Graded or Elementary School Which Is Operated, Maintained, or in Any Manner Connected with the State University, Any Normal School or any Educational Institution of Higher Learning."

The act provides that the school district in which the pupil resides shall pay not less than $2 or $2.50 a month for the attendance and tuition of each pupil.

Under § 61 of the Constitution, the subject of every act must be expressed in its title, but the fair inference from the above title is that payment for tuition and attendance shall be made by the parent or guardian sending children to the model school. On reading the title no person would ever think that the purpose of the action was to require payment to be made by any school district or county or by the state. Hence the act is void and the demurrer should have been sustained.

BRONSON, J., being disqualified, did not participate, Honorable CHAS. M. COOLEY, of First Judicial District, sitting in his stead.